UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against –

HUSSAM AHMED, a/k/a "Sam"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - X

NOTICE OF INTENT TO REQUEST JUDICIAL REMOVAL

Criminal Docket No. 26 Cr. 296 (JAV)

NOTICE IS HEREBY GIVEN TO HUSSAM AHMED, a/k/a "Sam" ("the defendant") and to his attorney of record herein, Peter Neil Katz, Esq., that upon conviction of the defendant for the offenses of narcotics importation conspiracy, in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B), the United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to Section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated: New York, New York

10/28/2026

JAMES M. MCDONALD
United States Attorney
Southern District of New York

By: Lauren E. Phillips
/s/ Lauren Phillips
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------- X

UNITED STATES OF AMERICA

- against –

HUSSAM AHMED, a/k/a "Sam"

Defendant.

-------------------- X

FACTUAL ALLEGATIONS
IN SUPPORT OF JUDICIAL REMOVAL

Criminal Docket No. 26 Cr. 296 (JAV)

NOTICE IS HEREBY GIVEN TO HUSSAM AHMED, a/k/a "Sam" ("the defendant") and to his attorney of record herein, Peter Neil Katz, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of Egypt and citizen of Canada.

3. The defendant was admitted to the United States on or about December 6, 2025, at or near New York, NY (Kennedy) as a non-immigrant temporary visitor for pleasure (B2) with authorization to remain in the United States until June 5, 2026. The defendant remained in the United States beyond June 5, 2026, without authorization from the United States Department of Homeland Security.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offenses: narcotics importation conspiracy, in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B).

5. A total maximum sentence of imprisonment of life may be imposed for the above-mentioned offenses.

6. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to: Section 237(a)(1)(B) of the Immigration and Nationality Act of 1952, as amended, (the "Act" or "INA"), 8 U.S.C. § 1227(a)(1)(B), in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, he has remained in the United States for a time longer than permitted; Section 237(a)(2)(B)(i) of the Act, in that at a time after admission, he has been convicted of a violation of or a conspiracy or attempt to violate any law or regulation relating to a controlled substance; and Section 237(a)(2)(A)(iii) of the Act, in that, at any time after admission, he has been convicted of an aggravated felony as defined in Sections 101(a)(43)(B) and 101(a)(43)(U) of the Act, specifically, conspiracy to commit illicit trafficking in a controlled substance, in violation of 21 USC §§ 963 and 960(b)(1)(B).

WHEREFORE, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), the United States of America requests that the Court order the defendant removed from the United States to Canada.

Dated: New York, New York
October 28, 2026

JAMES M. MCDONALD
United States Attorney
Southern District of New York

By: Lauren E. Phillips
/s/ Lauren Phillips
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against –

HUSSAM AHMED, a/k/a "Sam"

Defendant.

- - - - - - - - - - - - - - - - - - - - - X

DEFENDANT'S PLEA STATEMENT IN SUPPORT OF JUDICIAL REMOVAL

Criminal Docket No. 26 Cr. 296 (JAV)

HUSSAM AHMED, a/k/a "Sam", defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is HUSSAM AHMED, a/k/a "Sam".

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated, October 28, 2026. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended, (the "Act" or "INA") 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated October 28, 2026. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the Act 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4. My rights in a judicial removal proceeding have been fully explained to me by my attorney, Peter Neil Katz, Esq. After consultation with my counsel and understanding the legal consequence of doing so, I knowingly and voluntarily

waive the right to the notice and hearing provided for in Section 238(c)(2) of the Act, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceedings and I waive these rights, including the right to examine the evidence against me, present evidence on my own behalf, and cross examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6. I hereby concede that I am removable from the United States pursuant to Section 237(a)(1)(B) of the Act, 8 U.S.C. § 1227(a)(1)(B), in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, I remained in the United States for a time longer than permitted; Section 237(a)(2)(B)(i) of the Act, in that at a time after admission, I have been convicted of a violation of or a conspiracy or attempt to violate any law or regulation relating to a controlled substance; and Section 237(a)(2)(A)(iii) of the Act, in that, at any time after admission, I have been convicted of an aggravated felony as defined in Sections 101(a)(43)(B) and 101(a)(43)(U) of the Act, specifically, conspiracy to commit illicit trafficking in a controlled substance, in violation of 21 USC §§ 963 and 960(b)(1)(B).

7. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the Act, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum;

withholding of removal under Section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article III of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17; cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the Act, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible protection or relief from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the Act, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in Canada and have no present fear of persecution in Canada, the country of my citizenship. I further acknowledge that I have not been tortured in Canada and have no present fear of torture in Canada, the country of my citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers

needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the Act, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States to Canada, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

10-30-26
Date

Hussam Ahmms By Peter Katz, Esq on behalf of Hussam Ahmms with his authorization
Defendant's Signature

10-30-26
Date

Attorney for the Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

- against –

HUSSAM AHMED, a/k/a "Sam"

Defendant.

– – – – – – – – – – – – – – – – – – – – – X

CONCURRENCE OF
UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT

Criminal Docket No. 26 Cr. 296 (JAV)

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

New York, New York

Dated 10/28/2026

KENNETH D GENALO Digitally signed by KENNETH D GENALO
Date: 2026.10.28 16:33:17 -04'00'

KENNETH GENALO
Field Office Director
United States Immigration and Customs Enforcement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\- - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

\- against –

HUSSAM AHMED, a/k/a "Sam"

Defendant.

\- - - - - - - - - - - - - - - - - - - - - X

ORDER OF JUDICIAL REMOVAL

Criminal Docket No. 26 Cr. 296 (JAV)

Upon the application of the United States of America, by Lauren E. Phillips, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of HUSSAM AHMED, a/k/a "Sam" (the "defendant"); and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of Egypt and citizen of Canada.

3. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to Section 237(a)(1)(B) of the Act, 8 U.S.C. § 1227(a)(1)(B), in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, he has remained in the United States for a time longer than permitted; Section 237(a)(2)(B)(i) of the Act, in that at a time after admission, he has been convicted of a violation of or a conspiracy or attempt to violate any law or regulation relating to a controlled substance; and Section 237(a)(2)(A)(iii) of the Act, in that, at any time after admission, he has been convicted of an aggravated felony as defined in Sections 101(a)(43)(B) and 101(a)(43)(U) of the Act, specifically, conspiracy to

commit illicit trafficking in a controlled substance, in violation of 21 USC §§ 963 and 960(b)(1)(B).

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offenses: narcotics importation conspiracy, in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B).

5. A total maximum sentence of life imprisonment may be imposed for the above-mentioned offense.

6. The defendant is subject to removal from the United States pursuant to Section 237(a)(1)(B) of the Act, 8 U.S.C. § 1227(a)(1)(B), in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, he has remained in the United States for a time longer than permitted; Section 237(a)(2)(B)(i) of the Act, in that at a time after admission, he has been convicted of a violation of or a conspiracy or attempt to violate any law or regulation relating to a controlled substance; and Section 237(a)(2)(A)(iii) of the Act, in that, at any time after admission, he has been convicted of an aggravated felony as defined in Sections 101(a)(43)(B) and 101(a)(43)(U) of the Act, specifically, conspiracy to commit illicit trafficking in a controlled substance, in violation of 21 USC §§ 963 and 960(b)(1)(B).

7. The defendant has waived his right to notice and a hearing under Section 238(c) of the Immigration and Nationality Act of 1952, as amended, (the "Act" or "INA"), 8 U.S.C. § 1228(c).

8. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

9. The defendant has designated Canada as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Canada.

Dated: New York, New York
October 30, 2026

Jeannette Vargas

HONORABLE JEANNETTE A. VARGAS
UNITED STATES DISTRICT JUDGE